

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MARTIN BOWE**<br>Assistant Corporation Counsel<br>(212) 356-0894<br>(646) 939-7614 |

May 25, 2022

**VIA ECF**
Hon. Ronnie Abrams
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *M.K. v N.Y.C. Dep't of Educ*. 22-cv-1891 (RA)(SN)

Dear Judge Abrams:

      I am an Assistant Corporation Counsel in the office of Corporation Counsel, Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and this action.

      I write to respectfully request a stay of this matter until Your Honor issues a decision on the fully submitted motion for attorneys' fees in the very similar matter, *C.L., et al. v. DOE*, 21-cv-7094 (ECF Nos. 17-32) which presents solely the issue of reasonable attorney fees for the Law Office of Steven Alizio, PLLC ("LOSA").[1]

      Preliminarily, I note that Defendant served a written offer of settlement on Plaintiff, pursuant to the IDEA, 20 U.S.C. §1415(i)(3)(D),[2] dated May 24, 2022 ("Offer"[3]), which, if more

---

[1] Defendant also files today a request for a stay of another IDEA fees-only case, Your Honor presiding, brought by a plaintiff represented by LOSA, *i.e.*, *J.R. v N.Y.C. Dep't of Educ*. 22-cv-2297 (RA)(OTW).

[2] Sec. 1415(i)(3)(D) provides as follows:
Prohibition of attorneys' fees and related costs for certain services
(i) In general.  Attorneys' fees may not be awarded and related costs may not be reimbursed in any action or proceeding under this section for services performed subsequent to the time of a written offer of settlement to a parent if—
    (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case of an administrative proceeding, at any time more than 10 days before the proceeding begins;
    (II) the offer is not accepted within 10 days; and
    (III) the court or administrative hearing officer finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement.

[3] Plaintiff's total demand as of April 26, 2022 was **$19,992.00**; Defendant's formal offer was in the amount of **$16,000.00**.

favorable than any award of this Court for fees and costs accrued as of the date of the Offer, will serve to cut off any recovery for work performed beyond that date. Defendant believes that the greatest impediment to settlement at this time is the gap separating the parties' views on what constitutes reasonable hourly rates for the legal services rendered by LOSA. Mr. Alizio claims an entitlement to a rate of $400/hour, despite having approximately four years' experience as of the filing of this action. Defendant has discussed with Plaintiff that more than a dozen judges of this District—including Your Honor—have assigned substantially lower hourly rates for IDEA lawyers with significantly more experience than Mr. Alizio.[4]

Plaintiff does not consent to the request for a stay but offered the following rationale for withholding consent: "Plaintiff is opposed to this matter being stayed as Plaintiff does not want to wait indefinitely to have this matter resolved."

However, Defendant's proposal would have, if anything, the opposite effect: it would avoid repetitive motion practice on a reasonable hourly rate for Mr. Alizio in litigation of virtually identical complexity (or lack thereof)[5]; and Your Honor's ruling on a reasonable hourly rate for Mr. Alizio in *C.L.* would, in all likelihood, remove the question of a reasonable rate as the largest barrier blocking prompt settlement of this matter once that issue is adjudicated.[6]

Plaintiff has not yet advised regarding acceptance of the Offer as of the filing of this letter (but did acknowledge receipt of the Offer yesterday). Instead, counsel for Plaintiff unreasonably insisted that the parties submit a joint letter on May 31, 2022, which would of course only generate more billing for Plaintiff's counsel.

Defendant believes the requested stay will allow the parties to resolve this matter expeditiously—without needlessly burdening the Court's resources and without generating unnecessary additional billing—after the Court decides the aforementioned pending motion in *C.L.* and assigning Mr. Alizio's hourly rate (which he purports to bill at $400/hour despite having approximately 4 years' experience at the time this federal action was filed).

Accordingly, Defendant respectfully requests a Stay of this matter until the date on which Your Honor issues a Decision in the *C.L.*, 21-cv-7094 matter.

---

[4] For example, in the *H.W. v. N.Y.C. Dep't of Educ.*, 20-cv-10591 (RA) matter, Your Honor assigned the following hourly rates to IDEA attorneys: $400/hr. for A. Cuddy (26 years' experience), M. Cuddy (32 years' experience), and J. Sterne (24 years' experience); $300/hr. for K. Mendillo (11 years' experience); and $200/hr. for B. Bouchard (less than two years' experience). In *C.L.*, at ECF No. 35, Defendant submitted the decision in *R.P. v. New York City Dep't of Educ.*, 21-cv-4054 (JMF), where Judge Furman found $375/hour appropriate for IDEA attorneys A. Cuddy (26 years' experience) and J. Sterne (24 years' experience); $300/hour for K. Mendillo (11 years' experience); and $200/hour for J. Coretti ("mid-level attorney"), and $150/hour for E. Murray (2 years' experience). *See R.P.* Opinion annexed hereto.

[5] We note further that the underlying administrative proceeding in this case was barely contested and straightforward: the hearing lasting 47 minutes, the DOE presented no witnesses and the Parent presented 2 witnesses but the DOE conducted no cross, facts that are very similar to those in the pending motion in *C.L. et. al. v. DOE*, 21-cv-7094 (ECF Nos. 17-32).

[6] Defendant filed an Answer on May 16, 2022 (ECF 11). Currently, the parties' joint letter is due by May 31, 2022 (ECF 12). If granted, a stay would obviate that submission, and Defendant respectfully requests that it be due no later than 30 days after the Court's forthcoming decision in *C.L.*

      Thank you for considering this request.

Respectfully submitted,

_____/s/_____

Martin Bowe

Assistant Corporation Counsel

    cc: Steven Alizio, Esq. (via ECF)

The Court will hold a telephone conference on June 2, 2022 at 11:30 a.m. to discuss the request raised in this matter and in J.R. v N.Y.C. Dep't of Educ., No. 22-cv-2297. The conference line, which will be open to the public, may be accessed with the following call-in information: Call-In Number: 888-363-4749; Access Code 1015508#.

SO ORDERED.

_____

Hon. Ronnie Abrams

5/27/22